GOLDEN REALTY COMPANY, RESPONDENT, v. GRANT BUILDING AND LOAN ASSOCIATION, APPELLANT.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellant, *Kalisch & Kalisch.*

For the respondent, *Hugo Woerner.*

PER CURIAM.

The defendant, the Grant Building and Loan Association, held a building and loan mortgage for $16,000 on a piece of property located in Orange and owned by one Raimondi, who executed the mortgage. The Golden Realty Company held a second mortgage upon this same property, also executed by Raimondi. Default having been made in the payment of this latter mortgage, the Golden Realty Company foreclosed it. After receiving a sheriff's deed, it tendered to the Grant Building and Loan Association $14,000 in satisfaction of its mortgage, it having been advised that this was the total amount of moneys advanced by the association for paying the construction cost of the building which was being erected on the premises of Raimondi, the owner. The Grant Building and Loan Association refused to accept this sum in satisfaction of the mortgage, or any other sum less than the full amount thereof, and demanded as a condition to the cancellation of the mortgage the payment of that sum, namely $16,000. As a result of this refusal, the plaintiff was unable to have the mortgage canceled on the record unless it complied with the defendant's demand, and this it did. Subsequent to the payment of this full amount, it brought the present suit to recover from the defendant the difference between the total sum of $16,000, which it had paid, and the amount actually due to the defendant at the time of such payment. The trial was had before the Circuit Court without a jury, and that court held that, on the proofs submitted, the amount due to the defendant upon its mortgage at the time of the tender of payment was $14,500, and directed judgment in favor of the plaintiff for $1,500. The defendant has appealed from the judgment so directed.

The only ground upon which a reversal is asked is that the trial court erred in giving a judgment in favor of the plaintiff and against the defendant. Counsel for the respond-

ent contends that this is not a valid ground of reversal, and this contention is meritorious. It frequently has been held by our courts that where the appeal is taken directly from a judgment entered in the trial court, the appellant must state specifically the grounds upon which the appeal is based, and that a general averment such as that in the present case is only valid where the judgment sought to be reviewed in this court is one rendered by the court from which the appeal is taken while it was sitting in review of the judgment of a lower tribunal. Among the late decisions so holding are *Trenton Banking Co.* v. *Rittenhouse,* 96 *N. J. L.* 450, and *Van Horn* v. *Huegel,* 104 *Id.* 106.

For the reason indicated, the judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.