SAMUEL CASPERT, ASSIGNEE, PLAINTIFF-APPELLANT, v. EMPIRE FURNITURE COMPANY, A BODY CORPORATE, AND ISADORE M. COHEN, DOING BUSINESS AS EMPIRE FURNITURE COMPANY, DEFENDANTS-RESPONDENTS.

Submitted January 25, 1935—Decided April 6, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-appellant, *David Kimmel* and *Martin Kimmel*.

For the defendants-respondents, *Robert E. Pollan*.

The opinion of the court was delivered by

CASE, J. The case was tried before the judge of the Second District Court of the city of Paterson sitting without a

jury. After the proofs for both sides were in, the court gave judgment for the defendants.

The only specification of alleged error is that "the District Court erroneously gave judgment of no cause of action in favor of the defendants-appellees, whereas it should have given judgment in favor of the plaintiff-appellant for the sum sued for, to wit, two hundred forty dollars and eighty cents ($240.80) and interest." No particular ground of appeal was pointed out. "The mere assertion that there was error in giving judgment to one party rather than to another is not sufficient. Grounds of appeal must point out error in the proceedings below, or they will not be considered." *Eckert* v. *Nazzaro,* 109 *N. J. L.* 136; *Cohn* v. *Passaic National Bank and Trust Co., Ibid.* 449; *Golden Realty Co.* v. *Grant Building, &c., Association, Ibid.* 129.

Counsel for the appellant contends that the specification of error is sufficient under the remarks of Chancellor Walker in *Trenton Banking Co.* v. *Rittenhouse, 96 N. J. L.* 450. That case presented the single question of the sufficiency of the agreed facts to remove the bar of the statute of limitations. The writer of the opinion deprecated the action of the appellant in filing eighteen grounds of appeal alleged to have grown out of the decision of that single question. It was suggested that two grounds would have been sufficient, the second, in our view, being in the nature of a conclusion based upon the correctness of the first, namely: "(1) that the Supreme Court erred in finding that the statute of limitations did not bar the account sued on, and (2) that the Supreme Court erred in giving judgment in favor of the plaintiff and against the defendant, whereas it should have given judgment in favor of the defendant and against the plaintiff." The construction contemporaneously given was that of a rebuke to counsel for throwing a mess of unculled grounds of appeal into the lap of the court. *McGann Co.* v. *New Jersey Novelty Footwear Co., Ibid.* 481, 486; *Atlantic City* v. *Farmers, &c., Co., Ibid.* 504. The case has never been considered an authority for the self-sufficiency of a ground like that filed herein when directed toward the action of the trial

court. *Van Horn* v. *Huegel,* 104 *Id.* 106. The cases cited first above are comparatively recent expressions by the Court of Errors and Appeals and are, as we believe, controlling. *Miller* v. *Newark Hardware Co.,* 112 *Id.* 300.

The judgment will be affirmed, with costs.